Filed 9/21/21  P. v. Collins CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>NATHANIEL THEODORE COLLINS,<br><br>    Defendant and Appellant. | F080138<br><br>(Super. Ct. No. BF176498A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

N. Noelle Francis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Franson, J. and Peña, J.

Defendant Nathaniel Theodore Collins contends on appeal that his one-year prior prison term enhancement should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People agree that defendant's prior prison term enhancement should be stricken. We strike the prior prison term enhancement and affirm in all other respects.

## PROCEDURAL SUMMARY

On May 16, 2019,[2] the Kern County District Attorney filed an information charging defendant with unlawfully driving or taking a vehicle without the consent of the owner (Veh. Code, § 10851, subd. (a); count 1), receiving a stolen vehicle (§ 496d, subd. (a); count 2), and misdemeanor driving on a suspended license (Veh. Code, § 14601.2, subd. (a); count 3). As to counts 1 and 2, the information alleged defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served four prior prison terms (§ 667.5, subd. (b)).

On July 10, the jury found defendant guilty on counts 1 and 3, but did not reach a verdict on count 2. The following day, in a bifurcated proceeding outside the presence of the jury, the trial court found that defendant had suffered a prior strike conviction and had served a prior prison term based on three prior felony convictions.[3] The prior prison term was served for two convictions of possession of a firearm by a felon (§ 29800) and one conviction of false imprisonment (§ 236).

On August 29, the trial court sentenced defendant to a term of seven years as follows: on count 1, six years (the upper term of three years doubled due to the prior

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] All further dates refer to the year 2019 unless otherwise stated.

[3] The trial court concluded that only a single prior prison term enhancement should be imposed because defendant was sentenced on the same date for three prior convictions.

strike conviction), plus a one-year prior prison term enhancement; on count 3, 180 days to be served concurrently with the term on count 1.

On October 17, defendant filed a notice of appeal.

## **DISCUSSION**[4]

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed a one-year section 667.5, subdivision (b) prior prison term enhancement for a term served for convictions of possession of a firearm by a felon (§ 29800) and false imprisonment (§ 236), neither of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b). We therefore strike defendant's prior prison term enhancement.

Where an appellate court strikes a portion of a sentence, remand for " 'a full resentencing as to all counts is [generally] appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018)

---

[4] Because defendant raises only legal issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

3.

5 Cal.5th 857, 893.) However, remand is unnecessary where the trial court has imposed the maximum possible sentence. (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Here, the trial court imposed the maximum possible sentence and therefore remand is unnecessary. Accordingly, we strike the prior prison term enhancement and direct the trial court to prepare an amended abstract of judgment.

## DISPOSITION

Defendant's prior prison term enhancement (§ 667.5, subd. (b)) is stricken. The trial court is directed to prepare an amended abstract of judgment. The court shall forward a copy of the amended abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.

Pursuant to the parties' stipulation, the remittitur in this proceeding shall issue immediately. (Cal. Rules of Court, rule 8.272(c)(1).)